Roy HUBBARD, Plaintiff,

v.

ALL STATES RELOCATION SERVICES, INC., Paul Arpin Van Lines, Inc., National Van Lines, Inc., E. Al Adams, Larry O'Donnell, Genevieve O'Donnell, and Wayne Ross, Defendants.

No. Civ.A. CV400–077.

United States District Court,
S.D. Georgia,
Savannah Division.

Sept. 25, 2000.

Steven E. Scheer, Lee, Black, Scheer & Hart, P.C., Savannah, GA, for plaintiff.

R. Clay Porter, Dennis, Corry & Porter, LLP, for defendants.

All States Relocations Services, Inc., E. Al Adams, Larry O'Donnell, Genevieve O'donnell, Wayne Ross, Atlanta, GA, D. Gary Lovell, Jr., Webb, Carlock, Copeland, SEmler & Stair, for defendant.

National Van Lines, Inc., Atlanta, GA, Glen M. Darbyshire, Inglesby, Falligant, Horne, Courington & Chisholm, for defendant.

Paul Arpin VAn Lines, Inc., Savannah, GA, for defendant.

## ORDER

MOORE, District Judge.

Before this Court is Defendants' Motion to Dismiss. (Doc. 2). Defendants assert that under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff has failed to state a claim upon which relief can be granted. For the reasons stated herein, Defendants' motion is **GRANTED IN PART AND DENIED IN PART.** After careful consideration, this Court finds that all claims for damages to goods are preempted by the Carmack Amendment and to the extent that Plaintiff has filed claims for such damage other than under the Carmack Amendment, those claims are dismissed. This Court also finds that claims that are not for damages to goods, such as some claims for infliction of emotional distress, are not preempted by the Carmack Amendment. Therefore, any claims by Plaintiff that remedy a separate harm than damages to goods are not dismissed. Plaintiff is **ORDERED** to amend his complaint **within 10 days** to allege a clear Carmack Amendment claim and to

allege any claims not based on damage to his goods.

## BACKGROUND

In his complaint, Plaintiff describes what seemed like a typical household move; however, that move went terribly wrong. Plaintiff alleges that in 1998 he contracted with the Defendants for the packing, storing and moving of his household goods from Savannah, Georgia to Minneola, Florida. Although Plaintiff's belongings were in fact packed and loaded, they never arrived at Plaintiff's new home. According to Plaintiff, Defendants either lost the goods or converted them for their own use, and despite their repeated promises to remedy Plaintiff's loss, the Defendants have failed to do so. As a result, Plaintiff claims that he has suffered damages to his goods and severe emotional distress. He filed a complaint in the State Court of Chatham County, Georgia, seeking recovery under state tort and contract law on February 14, 2000.

On March 22, 2000, Defendants filed Notice of Removal with this Court. Defendants asserted that because the claim arose from interstate shipping, the action comes under the Carmack Amendment of the Interstate Commerce Act, 49 U.S.C. § 13101 et seq. Since this is a federal law, the Court has original subject matter jurisdiction to hear this dispute.

Also on March 22, 2000, Defendants filed a Motion to Dismiss. In their motion, Defendants assert that because the Carmack Amendment applies, all of Plaintiff's state law claims are preempted. Further, since Plaintiff did not clearly allege a cause of action under the Carmack Amendment,

Defendants contend that Plaintiff has failed to state any claim upon which relief can be granted. Defendants therefore ask the Court to dismiss all of Plaintiff's claims with prejudice.

In his Brief Opposing Defendants' Motion to Dismiss, filed on April 24, 2000, Plaintiff contends that state law claims may still arise from contracts for interstate shipping.[1] Specifically, Plaintiff asserts that his claim for infliction of emotional distress is not preempted by the Carmack Amendment. In addition, Plaintiff claims that because there is no bill of lading, the Carmack Amendment does not apply.[2] Finally, Plaintiff states that even if the Carmack Amendment does apply, the complaint sets forth a cognizable claim for damages under the Carmack Amendment.

Defendants filed a Reply to Plaintiff's Brief on May 8, 2000. In the Reply, Defendants reassert that all state claims are completely preempted, including claims for infliction of emotional distress. Further, Defendants state that the issuance of a bill of lading is irrelevant, and that Plaintiff failed to plead the required three elements for a Carmack Amendment claim in his complaint.[3] In conclusion, Defendants reiterate their request that Plaintiff's claim be dismissed or, in the alternative, propose that Plaintiff be allowed to amend his complaint to assert a Carmack Amendment claim.

## ANALYSIS

### I. STANDARD OF REVIEW

Defendants contend that this Court must dismiss Plaintiff's Complaint because

---

1. Plaintiff did not file a motion for remand in this case. Thus, while he cites law of the Georgia state courts, this Court assumes that Plaintiff understands that federal court interpretations of federal law govern this case as it is heard in the United States District Court.

2. A bill of lading is a writing signed by a carrier describing the freight, explaining the terms of the contract for carriage, and agreeing to delivery at a specified place. BLACK'S LAW DICTIONARY 168 (6th ed.1990).

3. A prima facie case for a Carmack Amendment claim requires three elements: 1) delivery of the shipment in good condition; 2) arrival of the shipment in damaged condition; and 3) amount of damages. *Missouri Pacific Railroad Co. v. Elmore & Stahl,* 377 U.S. 134, 137–38, 84 S.Ct. 1142, 1144, 12 L.Ed.2d 194 (1964); *see also Fine Foliage of Florida, Inc. v. Bowman Transportation, Inc.,* 901 F.2d 1034, 1037 (11th Cir.1990) (citations omitted).

Plaintiff has failed to state a claim for which the law provides relief. In evaluating Defendants' Motion to Dismiss, this Court must presume the truth of all factual allegations in Plaintiff's Complaint. *See Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir.1997). The Court must construe Plaintiff's allegations liberally because the issue is not whether Plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *See Davis v. Monroe County Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir.1997). Plaintiff need not "specify in detail the precise theory giving rise to recovery." *Evans v. McClain of Georgia, Inc.*, 131 F.3d 957, 964 (11th Cir.1997) (citations omitted). Instead, Plaintiff only needs to give Defendants enough information to have notice of the claim and grounds. *See Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (stating that "all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."); *see also* FED.R.CIV.P. 8(a). Once the claim is identified, this Court will not dismiss the complaint under Rule 12(b)(6) unless it concludes "that the Plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *St. Joseph's Hosp., Inc. v. Hospital Auth. of America*, 620 F.Supp. 814, 820 (S.D.Ga.1985), *vacated on other grounds, St. Joseph's Hosp., Inc., v. Hospital Corp. of America*, 795 F.2d 948 (11th Cir.1986). This Court therefore construes Plaintiff's allegations liberally to determine whether his claim for relief can survive Defendants' Motion to Dismiss.

## II. APPLICABILITY OF THE CARMACK AMENDMENT

To the extent that damages to goods are asserted, the Carmack Amendment applies in this case.[4] The Amendment governs all claims for damages to goods by a carrier shipping in interstate commerce. Any state tort or contract claim for such damage is preempted. However, claims that are not for damages to goods, such as claims for damage to the person, are not preempted. Therefore, if a claim for intentional infliction of emotional distress is based on a separate harm from damage to goods, that claim can coexist with a Carmack Amendment claim. Although this issue has not been specifically addressed in this District, the Eleventh Circuit, or the Supreme Court, a careful review of the history and interpretation of the Carmack Amendment dictates this result. To explain why, this Court will look at the history and purpose of the Carmack Amendment, the doctrine of preemption, and the case law of other circuits that have specifically addressed infliction of emotional distress claims.

### A. The Purpose of the Carmack Amendment

Understanding the purpose of the Carmack Amendment is important to understanding why the Amendment preempts some claims. Unfortunately, when the Carmack Amendment was passed in 1906, it included no legislative history. *See* 40 Cong.Rec. 7075 (1906); *see, e.g., Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 286 (7th Cir.1997) ("There is virtually no legislative history for the statute."); *Cleveland v. Beltman North American Co.*, 30 F.3d 373, 377 (2nd Cir.1994) (stating that the Amendment "was adopted without discussion or debate"). Therefore, the courts have been forced to infer the Congressional intent behind the statute's words. Still, courts have generally held that Congress was trying to create a uniform rule for carrier liability when goods are shipped in

---

4. The Amendment states:

   A carrier providing transportation or service ... shall issue a bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service ... are liable to the person entitled to recover under the receipt of bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property....
   49 U.S.C. § 14706 (1997).

interstate commerce. *See Adams Express Co. v. Croninger*, 226 U.S. 491, 506, 33 S.Ct. 148, 152, 57 L.Ed. 314 (1913). *See generally* Jeanne Kaiser, *Moving Violations: An Examination of the Broad Preemptive Effect of the Carmack Amendment*, 20 W. New Eng.L.Rev. 289 (1998) (discussing the creation of the Carmack Amendment and courts' subsequent interpretation of its scope). Prior to the statute's creation, even carriers who had contracted with shippers to limit their liability might still find themselves absolutely liable in some states under those states' unique laws. *See, e.g., Pennsylvania Railroad Co. v. Hughes*, 191 U.S. 477, 24 S.Ct. 132, 48 L.Ed. 268 (1903) (holding that carrier was liable under state law for full value, despite contractual limitation on liability).

In regard to carriers' liability for damaged goods, the Carmack Amendment did establish uniformity across state lines. Carriers are still liable for the loss to the shipper, but if the parties agree to limit a carrier's liability by contract, carriers are guaranteed that contractual protection. *See Adams Express Co.*, 226 U.S. at 506, 33 S.Ct. at 152 (finding that Congress did not want a carrier to be forced to become "an absolute insurer"); *see also North American Van Lines, Inc. v. Pinkerton Security Systems*, 89 F.3d 452, 456 (7th Cir.1996) (holding that carriers are not absolute insurers and can contract for limitations on liability) (citations omitted). Now, under the Carmack Amendment, both parties know what to expect when a carrier damages a shipper's goods.

## B. Preemption

■ The Carmack Amendment's goal of uniformity is reached by the preemption of state law claims for damaged goods. By exercising its power to regulate interstate commerce, Congress intended to preempt other laws remedying claims for such damage. Generally, courts are to assume that "the historic powers of the States are not to be superseded by Federal Acts unless that is the clear and manifest purpose of Congress." *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 504 (1st

Cir.1997) (citing *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947)); *Missouri, Kansas, & Texas Railway Company of Texas v. Harris*, 234 U.S. 412, 418–19, 34 S.Ct. 790, 793, 58 L.Ed. 1377 (1914) (stating that state laws should not be set aside absent clear purpose of Congress); *Reid v. Colorado*, 187 U.S. 137, 148, 23 S.Ct. 92, 47 L.Ed. 108 (1902) ("It should never be held that Congress intends to supersede or by its legislation suspend the exercise of the police powers of the states, even when it may do so, unless its purpose to effect that result is clearly manifested."). Congress's intent, however, does not need to be explicit. A "clear and manifest purpose" to preempt may be evidenced in other ways. For instance, "[t]he scheme of the federal regulation may be so pervasive ... that Congress left little room for the States to supplement it." *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947). Alternatively, the federal interest in the area of law may be so dominant that preemption is presumed. *Id.*

■ In the case of the Carmack Amendment, courts have held that uniformity in claims for damages to goods is the clear and manifest purpose of the Act. As stated in *Adams Express Co. v. Croninger*, "[a]lmost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." 226 U.S. 491, 505–06, 33 S.Ct. 148, 152, 57 L.Ed. 314 (1913); *see also Rini v. United Van Lines, Inc.*, 104 F.3d 502, 504 (1st Cir.1997) ("The preemptive effect of the Carmack Amendment over state law governing damages for the loss or damage of goods has been reiterated by the Supreme Court in many cases and is well established."). Therefore, the Carmack Amendment "preempts all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipments." *North American Van Lines,*

*Inc. v. Pinkerton Security Systems, Inc.,* 89 F.3d 452, 456 (7th Cir.1996).

The inclusion of a "savings clause" may make this degree of preemption seem doubtful, but the savings clause cannot be read too broadly.[5] *See Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380–381 (5th Cir.1998) (finding that while facially the savings clause seems to provide additional remedies the courts are not "writing on a clean slate and must therefore consider how the Carmack Amendment and its savings clause have already been interpreted."). The savings clause does not preserve remedies for claims of damage to goods. *See id.*

■ In this case, Plaintiff claims that Defendants lost or converted his goods to their own use. He seeks recovery for the loss of those goods under state tort and contract law. However, because claims for damages to goods by carriers are governed solely by the Carmack Amendment, those claims are preempted.

## C. Infliction of Emotional Distress

One point of debate on the issue of preemption is the extent to which the Carmack Amendment preempts claims that are not for damage to goods, particularly some claims for intentional infliction of emotional distress. In *Adams Express Co. v. Croninger,* the Supreme Court held that the savings cause preserves rights and remedies "not inconsistent with the rules and regulations prescribed by the provisions of this act." 226 U.S. at 507, 33 S.Ct. at 152. Because the Amendment speaks to damages to goods, courts have found that some emotional distress claims remedy damage to a person, not goods, and are therefore "not inconsistent" with the Act. This District, the Eleventh Circuit and the United States Supreme Court have not yet visited the issue. Among the circuits who have, both the First and Seventh Circuits recognize claims for intentional infliction of emotional distress alongside Carmack Amendment claims. *See, e.g., Rini v. United Van Lines, Inc.,* 104 F.3d 502, 504 (1st Cir.1997), *Gordon v. United Van Lines, Inc.,* 130 F.3d 282, 286 (7th Cir. 1997). One court in the Fifth Circuit has been less generous. *See Moffit v. Bekins Van Lines Co.,* 6 F.3d 305, 307 (5th Cir. 1993). For the reasons below, this Court feels that the approach of the First and Seventh Circuits is correct, and therefore we will allow Plaintiff's claim for infliction of emotional distress to survive.

If a plaintiff can allege an injury separate and apart from the loss or damage of goods, the First Circuit has held that claim is not preempted. In *Rini v. United Van Lines, Inc.,* Plaintiff sued her carrier after several items disappeared during her move and after experiencing a stressful and ineffective claims process. 104 F.3d 502, 506 (1st Cir.1997). The court found that all of the plaintiff's claims for loss of goods were preempted by the Carmack Amendment. *Id.* at 504. However, the court held that had plaintiff proven her claim for intentional infliction of emotional distress at trial, that claim would not have been preempted. *Id.* at 505. The court stated "a claim for intentional infliction of emotional distress alleges a harm to the shipper that is independent from the loss or damage to goods and, as such, would not be preempted." *Id.* at 506; *cf. Fredette v. Allied Van Lines, Inc.,* 66 F.3d 369, 375 (1st Cir.1995) (upholding verdict for shippers under both the Carmack Amendment and an intentional infliction of emotional distress claim without discussing preemption); *Mesta v. Allied Van Lines International, Inc.,* 695 F.Supp. 63, 65 (D.Mass. 1988) (holding that an unfair and deceptive trade practices claim is not preempted because it is not based on the loss of property); *Sokhos v. Mayflower Transit,* 691 F.Supp. 1578, 1581–82 (D.Mass.1988) (declaring that the Amendment did not preempt unfair acts or deceptive practices

---

5. The savings clause says:
   Except as otherwise provided in this part, the remedies provided under this part are

in addition to remedies existing under another law or common law.
49 U.S.C. § 13103 (1971).

because those claims are not based on loss or damage to the shipper's goods, but instead on a personal harm).

The Seventh Circuit has adopted the same reasoning as the First Circuit. In *Gordon v. United Van Lines, Inc.*, the plaintiff sued her carrier after several precious belongings and heirlooms were destroyed during her move. 130 F.3d 282 (7th Cir.1997). As in the *Rini* case, the plaintiff asserted several grounds for relief for the destruction of her property, which the court declared preempted. *Id.* at 284 (citing *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407 (7th Cir.1987)). The court reasoned that those claims were essentially based on "the contract of carriage, in which the harm arises out of the loss of or damage to goods." *Id.* However, the claim for intentional infliction of emotional distress survived. The court declared that simply because that claim was related to her move did not mean it was a claim for damage to her goods. *Id.* at 289. The Seventh Circuit reasoned that there may be "a number of situations in which a carrier might remain liable to a shipper for certain kinds of separate and independently actionable harms that are distinct from the loss of, or the damage to, the goods." *Id.* (citing *North American Van Lines, Inc. v. Pinkerton Security Systems, Inc.*, 89 F.3d 452, 456 (7th Cir.1996)).

While the First and Seventh Circuits have clearly held that claims for infliction of emotional distress are not preempted, one Fifth Circuit court has disagreed. In *Moffit v. Bekins Van Lines Co.*, the plaintiffs sued on several grounds after the carrier failed to deliver their household goods on time. 6 F.3d 305 (5th Cir.1993). The court held that the plaintiffs' claims, including that for intentional and negligent infliction of emotional distress, were preempted because otherwise the goal of uniformity could not be achieved. *Id.* at 307.

■■■ Because the *Moffit* decision comes from the Fifth Circuit, this Court may be inclined to give its holding more weight than that of other circuits,[6] but in spite of the *Moffit* holding, the approach of the Fifth Circuit is still unclear. A later decision in that circuit, while still denying the plaintiff's claim for intentional infliction of emotional distress, acknowledges than claims "separate and apart from those resulting directly from the loss of shipped property" would not be preempted. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 383 (5th Cir.1998) (citing *Gordon*, 130 F.3d at 289; *Rini*, 104 F.3d at 506–07). While the court in *Morris* does not explain why the plaintiffs in that case failed to prove a separate injury, the court suggests that had they been able to do so, their claim for intentional infliction of emotional distress would have survived. Given the recency of the *Morris* decision and its reliance on *Rini* and *Gordon*, the *Morris* decision seems to be a more accurate reflection of the current trend in claims for infliction of emotional distress than *Moffit*. Therefore, we will follow the approach of the First and Seventh Circuits and allow claims for infliction of emotional distress if the harm alleged is separate from the loss of property.

This Court's holding that claims for intentional infliction of emotional distress may coexist with Carmack Amendment claims for damages to goods is consistent with the history and language of the

---

6.  Because the courts of the Eleventh Circuit were originally part of a much larger Fifth Circuit, the Eleventh Circuit is bound by Fifth Circuit law in cases before October 1, 1981. *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206 (11th Cir.1981). While Fifth Circuit decisions interpreting case law established prior to that date may be highly persuasive, *see, e.g., Hill v. Linahan*, 697 F.2d 1032, 1034 (11th Cir.1983), those decisions are not binding. *See Stein v. Reynolds Securities Inc.*, 667 F.2d 33, 34 (11th Cir.1982). In terms of the issues in this case, the Carmack Amendment has been involved in earlier Fifth Circuit cases, *see, e.g., Strickland Transp. Co. v. American Distributing Co.*, 198 F.2d 546 (5th Cir.1952), but the specific problem of claims for intentional infliction of emotional distress has not. We are therefore neither bound nor persuaded to give any special deference to the Fifth Circuit decision in *Moffit* in this case.

Amendment. The cases surrounding the passage of the Carmack Amendment were claims for damages to goods. *See, e.g., Adams Express Co. v. Croninger,* 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913); *Pennsylvania Railroad Co. v. Hughes,* 191 U.S. 477, 24 S.Ct. 132, 48 L.Ed. 268 (1903). Even when the shippers and carriers had agreed to an amount of liability for goods lost, the courts had to decide whether the amount of liability on the contract or the actual value of the goods was the proper measure. The Carmack Amendment settled that dispute, but when the claim does not involve damages to goods, but to the shipper personally, these cases and the statute itself do not provide guidance. Whether these damages are recoverable or precluded is not so clear. Only the so-called "savings clause" and the statute's reference to "loss or injury to the property" suggest any Congressional intent one way or the other, and this Court believes this language points to a preservation of claims "separate and apart" from those for loss of goods.

■■ In the absence of clearer guidance, this Court feels that this conservative approach complies with the well-settled principles of preemption. This law dictates that state law will not be preempted outside clear Congressional intent. *See, e.g., Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947). Simply because a claim is linked to the shipment of goods, does not mean it is a claim for damage to goods. *Gordon,* 130 F.3d at 289. Here, we do not have any indication that Congress meant for the Carmack Amendment to expand preemption beyond claims for damages to goods.

Defendants cite the goal of uniformity as support for its contention that the Amendment preempts all possible claims. This Court recognizes the importance of uniformity and this opinion does not destroy that goal in claims for the loss of goods. All of the Plaintiff's claims for loss of goods are preempted. However, the separate claim for infliction of emotional distress may still succeed if Plaintiff proves an injury separate from the loss of his goods.

Moreover, Defendants' approach would absolve carriers of all liability above the value of goods shipped, no matter how egregious their behavior toward a shipper. This Court does not believe that the language or earlier interpretations of the statute dictate such a result. An intent in Congress to provide such immunity to carriers is not clear and this Court will not deny plaintiffs a remedy without such guidance. This Court believes the approach outlined above is true to the letter and spirit of the Carmack Amendment. If Plaintiff alleges an injury separate and apart from the damage to the goods, that claim survives Defendants' Motion to Dismiss.

## D. Bill of Lading

■ In his Opposition Brief, Plaintiff asserts that the Carmack Amendment does not apply since there is not a bill of lading in this case. This Court agrees with Defendants that such a bill of lading is irrelevant to the applicability of the Carmack Amendment. "Failure to issue a receipt or bill of lading does not affect the liability of a carrier." 49 U.S.C. § 14706 (1997). Plaintiff's claims for loss of goods are preempted by the Carmack Amendment, even without the bill of lading.

## CONCLUSION

To the extent that Plaintiff's complaint seeks damages for loss of goods through claims preempted by the Carmack Amendment, Defendants' Motion to Dismiss is **GRANTED IN PART.** However, because a plaintiff does not have to "specify in detail the precise theory giving rise to recovery," Defendants' Motion is also **DENIED IN PART.** *Evans v. McClain of Georgia, Inc.,* 131 F.3d 957, 964 (11th Cir. 1997) (citations omitted). Plaintiff needs only to give Defendant notice of the claim and grounds, and this Court feels Plaintiff has done so sufficiently to avoid dismissal at this time. In his complaint, Plaintiff

**1382**

asserted at least two of the three elements of a Carmack Amendment claim; with the opportunity to amend, Plaintiff can more clearly assert a Carmack Amendment claim for lost goods. Further, Plaintiff's claim for infliction of emotional distress is still viable alongside the Carmack Amendment claim if based on injury other than loss of goods. Plaintiff is **ORDERED** to **AMEND** his complaint within **10 days** to comply with the findings of this order.