**Robert S. ROSENTHAL and Fran Rosenthal, Plaintiffs,**

v.

**UNITED VAN LINES, LLC, Unigroup, Inc., Adco Van & Storage, Inc., Armstrong Relocation Co., and John Doe Corporation, Defendants.**

No. Civ.A. 1:01–CV–165–C.

United States District Court,
N.D. Georgia,
Atlanta Division.

July 17, 2001.

**1332**

Auden L. Grumet, Epstein Becker & Green, Atlanta, GA, for plaintiff.

William L. Bost, Jr., Greenfield Bost & Kliros, Atlanta, GA, Lawrence J. Roberts, pro hac vice, Roberts & Associates, Miami, FL, for defendants.

## ORDER

COOPER, District Judge.

Pending before the court are Defendants' Motion To Dismiss Plaintiffs' Claims Against Defendants [Doc. No. 2–1][1] and Plaintiff Robert S. Rosenthal and Fran

Rosenthal's ("Plaintiffs") Motion To Remand [Doc. No. 3–1].[2] After careful consideration, for the reasons stated herein, the court finds that the allegations of Plaintiffs' Complaint are preempted by the Carmack Amendment, with the exception of their claims for intentional infliction of emotional distress and loss of consortium.

*Background*

Plaintiffs contracted with Defendants to move their household goods and personal effects from Illinois to Atlanta, Georgia. Dissatisfied with the services provided by Defendants in conjunction with that move, Plaintiff's filed suit in the State Court of Fulton County alleging various claims including breach of contract, conversion, breach of bailment agreement, trespass, intentional infliction of emotional distress and loss of consortium. The complaint asserts that Defendants breached the contract by their "unauthorized unloading, loading and storage," "failing to deliver the goods in the condition which they were tendered," and failing to "place the furniture into [Plaintiffs'] Atlanta home as agreed to." Complaint ¶¶ 38–40. Plaintiffs further aver that Defendants "unlawfully abused and damaged [their] personal property," blocked their driveway to prevent "non-union" workers from completing delivery and left seventy-five percent (75%) of their belongings including valuable antiques on the porch, in the basement or under the carport in violation of the contract. *Id.* at ¶¶ 34–37, 48 and 58. As a result, Plaintiffs maintain they were "forced" to pay someone else to place the "salvageable" furniture in their home. *Id.*

1. The term "Defendants" refers to United Van Lines, LLC, Unigroup, Inc, Adco Van & Storage, Inc. and Armstrong Relocation Co., the parties against whom Plaintiffs filed the lawsuit.

2. Plaintiffs' Motion to Strike Defendants' Reply Brief To Their Motion To Dismiss [Doc.

No. 9] is DENIED. The court hereby GRANTS Plaintiffs' Motion For Leave Of Court To Submit Additional Authority [Doc. No. 10–1] and Defendants' Motion To Expand Page Limit On Reply Brief Or To Consider An Amended Reply Brief [Doc. 15–1].

Due to the Defendants alleged actions, Plaintiffs further claim they endured severe emotional distress. For instance, Mr. Rosenthal claims that he has sought psychiatric treatment in excess of $12,000.00 and suffered the exacerbation of his medical condition as he was undergoing radiation treatment for cancer during the relevant time period. *Id.* at ¶¶ 55–62. Mrs. Rosenthal asserts that her emotional distress (and her husband's) resulted in an unlawful loss of companionship between them. *Id.* at ¶¶ 63–64. Plaintiffs seek compensatory, punitive and special damages for Defendants' alleged unlawful actions.

After Plaintiffs filed their complaint in state court, Defendant removed the action to this court on January 22, 2001. Thereafter, Defendants filed a motion to dismiss Plaintiffs' claims. They assert that this court has original jurisdiction because the complaint sets forth a federal cause of action under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, which governs a motor carrier's liability for the loss or damage to goods shipped in interstate commerce. Alternatively, Defendants claim that Plaintiffs' claims are completely preempted by the Carmack Amendment. In opposition, Plaintiffs filed a response and a motion to remand alleging their complaint asserts clear state law claims, which the Carmack Amendment does not preempt.

*Discussion*

1. *Federal Question Jurisdiction*

This court can exercise original federal-question jurisdiction over any action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Relevant to this action, Congress conferred federal jurisdiction of any civil action involving interstate commerce, including interstate transportation if the amount in controversy for the receipt or

bill of lading exceeds $10,000.00. 28 U.S.C.A. §§ 1337(a) and 1445.

Under the removal statute, a defendant may remove an action filed in state court to federal court as long as the district court would have original jurisdiction over the action. Thus, the Defendants must establish that Plaintiffs' complaint presents a federal question. 28 U.S.C. § 1441(a). To master this heavy burden, Defendants must overcome the "well-pleaded complaint" rule, which provides that federal-question jurisdiction exists only if a federal claim is apparent from the face of the complaint, not the removal petition. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). *See also Franchise Tax. Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–11, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983).

The Defendants claim that the gist of Plaintiffs' complaint allegations set forth a federal cause of action pursuant to the Carmack Amendment. According to Defendants, Plaintiffs' complaint merely disguises the federal claim by referencing state law. They also draw the court's attention to the portion of the Plaintiffs' complaint that reflects a claim under the Carmack Act, in the alternative. Complaint ¶¶ 27–28. Taking Plaintiffs' complaint allegations as true, the complaint purports to set forth various state law claims. The court acknowledges, however, the seemingly mixed message reflected in Plaintiff's complaint. For instance the complaint refers to various state laws and reflects that "Plaintiffs' are not claiming loss or injury to their property *per se,* pursuant to the Carmack Act," but it also reflects an attempt by Plaintiffs to preserve a Carmack claim if this court were to dismiss the state claims.

Notwithstanding the incongruence mentioned above, the court cannot say that the

complaint sets forth a clear federal claim as pled. The complaint contains enumerated counts involving various Georgia laws. On its "face" the complaint in totality purports to assert state law causes of actions. As a plaintiff is the "master of the claim" and can choose to rely on state law, although a cause of action may exist under federal law as well, the court concludes that it does not possess federal-question jurisdiction based on the allegations as pled. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987).

### 2. *Carmack Amendment Preemption*

■ Although the court determined that Defendants did not overcome the well-pleaded complaint rule, Defendants also maintain that the claims are subject to complete preemption under the Carmack Act. The doctrine of complete preemption serves as an exception to the well-pleaded complaint rule. It allows the removal of state law claims to federal court if the preemptive force of the federal statute is so "extraordinary" that it essentially "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430. *See also McClelland v. Gronwaldt*, 155 F.3d 507, 512 (5th Cir. 1998). The Supreme Court began the use of this doctrine in *Avco Corp. v. Aero Lodge No. 735*, when it held that the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, preempted a state-law complaint to enjoin a union from striking. 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968). The Supreme Court allowed removal of the state action to federal court. *Id.*

Since its holding in *Avco*, the Supreme Court has extended the doctrine of complete preemption to one other federal statute, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987). In *Metropolitan Life*, the Court held that claims arising under ERISA are federal in nature, and thus removable to federal court. *Id.* The court made this determination based on its review of ERISA's jurisdictional language and legislative history, which in totality revealed a congressional intent to preempt such claims. *Id.* The Supreme Court has not addressed the complete preemption doctrine in the context of other federal statutes, including the Carmack Amendment.

The Eleventh Circuit also has not addressed the preemptive force of the Carmack Amendment.[3] A plethora of district courts in various circuits have addressed the issue, but the decisions provide no clear guidance or test. Based on this court's thorough review of the these decisions and particularly those in this Circuit, one thing is clear—the Carmack Amendment on its face contains no clear statement of congressional intent and neither does its legislative history. The two most recent district court decisions of this Circuit have summarized the law on this issue, thus the court will not engage in reiterating that thorough analysis. *See Bear MGC Cutlery Co., Inc., v. Estes Express Lines, Inc.*, 132 F.Supp.2d 937, 940–947 (N.D.Ala. Feb.22, 2001) and *Lamm v. Bekins Van Lines, Co.*, 139 F.Supp.2d 1300, 1308–1314 (M.D.Ala. Apr.17, 2001). Because these two courts reached different

---

**3.** In fact only two circuit courts have examined the issue as it relates to the Carmack Amendment. *See Hunter v. United Van Lines*, 746 F.2d 635, 643–646, 652 (9th Cir.1984) and *Beers v. North American Van Lines, Inc.*, 836 F.2d 910 (5th Cir.1988). For a discussion of these decisions see *Bear MGC Cutlery Co., Inc., v. Estes Express Lines, Inc.*, 132 F.Supp.2d 937, 940–41 (N.D.Ala.2001).

conclusions, however, there still exists no clear test or precedent for this Circuit on whether the Carmack Amendment preempts state law claims. *See e.g. Bear MGC Cutlery*, 132 F.Supp.2d at 947 (holding that the Carmack Amendment completely preempts state law and denying plaintiff's motion to remand); *Lamm*, 139 F.Supp.2d at 1313–14 (finding no congressional intent to completely preempt state law in the Carmack Amendment, thus no removal jurisdiction exists). The consistent element in *Bear MGC Cutlery* and *Lamm* is their acknowledgment of the guidance that can be gleaned from this Circuit's decision in *Blab T.V. Of Mobile, Inc. v. Comcast Cable Communications, Inc.*, 182 F.3d 851 (11th Cir.1999), albeit they differed in its application.

In *Blab TV*, the Eleventh Circuit evaluated the complete preemptive force of the Cable Communications Policy Act of 1984. Adopting no specific test from the various decisions it surveyed, the Court determined that the "touchstone" of the complete preemption analysis lies in evaluating Congress' intent. 182 F.3d at 857. Upon reviewing the jurisdictional language and legislative history of the Cable Act, the Court found that the Act lacked the requisite level of congressional intent to convert the plaintiff's state law claims into a federal action. *Id.* at 858. Although the *Blab TV* Court addressed a different federal statute and adopted no specific test for determining complete preemption, it provides relevant guidance for this court.[4]

Several factors for consideration of this issue can be extrapolated from the Eleventh Circuit's analysis, which the court in *Bear MGC Cutlery Co.* summarizes well. 132 F.Supp.2d at 942–943.[5]

A survey of the district court decisions of this Circuit reveals that the weight of the authority here supports the complete preemptive force of the Carmack Amendment as it relates to claims for damage or loss of property involved in interstate transportation. *See Bear MGC Cutlery Co.*, 132 F.Supp.2d at 947; *Hubbard v. All States Relocation Services, Inc.*, 114 F.Supp.2d 1374, 1378–79 (S.D.Ga.2000) (concluding that plaintiff's claims for relief under state tort and contract law for defendant's loss or conversion on his goods via interstate shipping were governed solely by the Carmack Act); *Reeves v. Mayflower Transit, Inc.*, 87 F.Supp.2d 1251, 1254 (M.D.Ala.1999) (state law claims governed by Carmack Amendment); *Fields v. Bennett Truck Transport, Inc.*, 1999 WL 1425403 (S.D.Ala.1999) (plaintiff's claims other than those for the actual loss, damage or injury to the property are preempted by the Carmack Act).

After careful consideration of the Carmack Amendment and its role and purpose, the various avenues for evaluating congressional intent, the persuasive decisions from other Circuits and districts, this Circuit's instruction of *Blab T.V.*, other decisions of this circuit, and the Plaintiffs'

---

4. *See also Smith v. GTE Corp.*, 236 F.3d 1292, 1311–1313 (11th Cir.2001) (relying on *Blab TV* and deciding that plaintiff's claims not completely preempted under the Federal Communications Act).

5. The court notes that the morass of decisions and conclusions on this issue exemplify the difficulty in reconciling the Carmack Amendment's purpose for uniformity with a plaintiff's ability to file an action under the act in federal court, as well as state court. This dichotomy without more guidance creates confusion in how to deal with such claims. The court shall not ignore, however, the impetus behind the Carmack Amendment's creation. As the Supreme Court acknowledged, by adopting the Carmack Amendment, Congress intended to "adopt a uniform rule and relieve [carrier] contracts from the diverse regulation to which they had been theretofore subject." *Adams Express Co. v. Croninger*, 226 U.S. 491, 506, 33 S.Ct. 148, 57 L.Ed. 314 (1913).

complaint, the court finds that the majority of their allegations constitute claims for injury involving the shipment of their household goods. The court agrees with the reasoning of *Bear MGC Cutlery* and *Hubbard.* Therefore, those claims through which Plaintiffs' seek recovery for the damage of shipped goods under state tort and contract law are preempted by the Carmack Amendment.

### 3. *Intentional Infliction of Emotional Distress and Loss of Consortium*

Plaintiffs' complaint includes claims for relief for emotional distress and loss of consortium. Since these claims do not directly seek relief for the loss of or damage to the household goods, the court considers whether they are preempted by the Carmack Amendment. Courts have found that state law claims such as emotional distress claims are separate and distinct from any alleged injury for the loss or damage of one's property, and therefore are not preempted by the Carmack Act. *See e.g. Rini v. United Van Lines, Inc.,* 104 F.3d 502, 506 (1st Cir.1997) ("a claim for [emotional distress] alleges a harm to the shipper that is independent from the loss or damage to goods, and as such, would not be preempted."); *Gordon v. United Van Lines, Inc.,* 130 F.3d 282, 284 (7th Cir.1997) (deciding that although claim for emotional distress was related to plaintiff's move, it did not constitute a claim for damage to her goods, and therefore survived Carmack preemption); *Hubbard,* 114 F.Supp.2d at 1379–80 (holding that claims for emotional distress may co-exist with Carmack Amendment claims for damages to goods); *Lamm,* 139 F.Supp.2d at 1311–13 (discussing the distinctiveness of plaintiffs' emotional distress and out-

rage claims from those involving actual damage to goods).

■ Here, Plaintiffs assert they have suffered severe emotional distress due to the Defendants alleged actions in delivery of their belongings. For instance, Mr. Rosenthal asserts that he has sought psychiatric treatment in excess of $12,000.00 and suffered exacerbation of his medical condition as he was undergoing radiation treatment for cancer during the relevant time period. Mrs. Rosenthal asserts that their emotional distress resulted in an unlawful loss of companionship between them. Additionally, Plaintiffs allegedly observed and endured an apparent labor dispute as Defendants allegedly blocked the driveway prohibiting the delivery of goods by "non-union" workers. These claims, although arguably related to the household shipment and delivery, assert emotional distress for more than that related to the damage to their goods.

Under the analysis of *Hubbard* (which adopted *Gordon* and *Rini* ) and *Lamm,*[6] the court concludes that Plaintiffs' claims for emotional distress and loss of consortium are sufficiently separate and distinct from their claims for injury involving the damage to their goods and Defendants' duties under the bill of lading. Although it can be argued that these claims are merely extensions of their overall Carmack claim, the Act neither mandates nor seems to imply such a finding. Specifically, the Carmack Amendment contains what has been interpreted as a "savings clause," which states that: "[e]xcept as otherwise provided in this part, the remedies provided under this part are *in addition to* remedies existing under another law or common law." 49 U.S.C. § 13103. (emphasis added). Additionally, the Supreme Court in

---

**6.** The court notes that the *Lamm* court did not decide this issue, but its decision contains

analysis that this court finds instructive.

*Adams Express* concluded that the savings clause preserved rights and remedies "not inconsistent with the rules and regulations" of the Interstate Commerce Act. 226 U.S. at 507, 33 S.Ct. at 152. This court believes that the preservation of possible remedies for emotional distress and loss of consortium in this action comports with the "letter and spirit of the Carmack Amendment." *Hubbard,* 114 F.Supp.2d at 1381. Therefore, Defendant's Motion To Dismiss is DENIED as to these claims.

*Conclusion*

Defendants' Motion To Dismiss [Doc. No. 2–1] is **GRANTED IN PART** insofar as the court concludes that most of Plaintiffs' claims are preempted by the Carmack Amendment as set forth in this order.

In evaluating the Defendants' Motion, however, the court construed the Plaintiffs' complaint liberally, and finds that they have sufficiently pled enough information to give Defendant's fair notice of the nature of their claims. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (plaintiff need only make a "short and plain statement of the claim"); *Evans v. McClain of Georgia, Inc.,* 131 F.3d 957, 964 (11th Cir.1997) (plaintiff need not "specify in detail the precise theory giving rise to recovery"). Despite the alleged mixed message in the complaint regarding whether or not they sought recovery under the Carmack Amendment, the court finds Plaintiffs have sufficiently identified the nature of their claims and pled at least two elements of a prima facie case for a Carmack claim to avoid dismissal at this juncture. The court will allow the Plaintiffs leave to amend the complaint to clarify their Carmack claim for loss or damage to their property. Plaintiffs are **ORDERED** to amend their complaint within ten (10) days to clarify the elements of their Carmack claim. Defendants' Motion To Dismiss is hereby **DENIED** as to Plaintiffs' claims for emotional distress and loss of consortium. These two claims are not preempted by the Carmack Amendment and shall coexist therewith.

Accordingly, Plaintiffs' Motion To Remand [Doc. No. 3–1] is hereby **DENIED**.[7,8] Plaintiff's request for sanctions and attorney's fees [Doc. No. 11] is also **DENIED.**

---

**7.** Plaintiffs' Motion To Strike Defendants' Responses [Doc. No. 16–1] is DENIED.

**8.** The court also notes that it finds that Defendants filed a timely Notice of Removal.