**BEN & JERRY'S HOMEMADE, INC., Plaintiff,**

v.

**KLLM, INC., Defendant.**

**No. 2:98–CV–416.**

United States District Court, D. Vermont.

May 28, 1999.

Craig S. Nolan, Dinse, Knapp & McAndrew, P.C., Burlington, VT, for Ben & Jerry's Homemade, Incorporated, plaintiff.

Edward Alan Miller, Jr, Northfield, VT, John T. Husk, Law Office of Seaton and Husk, L.P., Falls Church, VA, for KLLM, Inc., defendant.

## OPINION AND ORDER

SESSIONS, District Judge.

In this action removed from state court alleging breach of contract and negligence, plaintiff Ben & Jerry's Homemade, Inc. ("Ben & Jerry's") moves to remand the action to state court, and defendant KLLM, Inc. ("KLLM") moves to dismiss the action for failure to state a claim upon which relief can be granted. For the reasons that follow, the motion to remand (paper 10) is granted, and the motion to dismiss (paper 2) is denied as moot.

Ben & Jerry's complaint arises out of an agreement between itself and KLLM for the transportation of multiple shipments of Ben & Jerry's ice cream. The agreement required KLLM to maintain the cargo section of its delivery vehicles at a temperature of minus 20 degrees Fahrenheit or colder while transporting the ice cream, and provided for damages should the ice cream's quality be compromised due to failure to maintain the temperature.

According to the complaint, on or about May 26, 1996, KLLM took possession of approximately 43,356 pounds of ice cream for shipment from Bellows Falls, Vermont to Union City, California. During shipment the required temperature was not maintained, and Ben & Jerry's sustained damages of $34,320.96.

Ben & Jerry's subsequently filed suit in the Superior Court, Chittenden County on November 18, 1998, and accomplished service on December 2, 1998. KLLM removed the case to this Court on December 30, 1998, on federal question grounds, spe-

cifically that Ben & Jerry's action was governed by the Carmack Amendment, 49 U.S.C. § 14706. At the same time, it moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that all state law causes of action and remedies are preempted by the Carmack Amendment. Ben & Jerry's motion to remand to the Chittenden Superior Court followed.

■ A civil action brought in a state court may be removed by a defendant to the federal district court where the action is pending, provided the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a); *Rivet v. Regions Bank*, 522 U.S. 470, ——, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998). Federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Under this "well-pleaded complaint" rule, "the plaintiff is the master of the claim; [it] may avoid federal jurisdiction by exclusive reliance on state law." *Id.* A case may ordinarily not be removed to federal court on the basis of a federal defense, even the defense of preemption. *Id.* at 393, 107 S.Ct. 2425.

■ A plaintiff may not defeat removal by "artful pleading," omitting to plead necessary federal questions in a complaint, or framing an essentially federal case in terms of state law. *Rivet, id.* (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)); *Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 486–87 (2d Cir.1998). The artful pleading doctrine cannot be invoked, however, where defendants seek to justify removal on the basis of facts omitted from the complaint, which if alleged would have constituted a federal claim. *Caterpillar*, 482 U.S. at 397, 107 S.Ct. 2425.

■ In this case, KLLM argues that Ben & Jerry's omitted from its complaint a claim for relief under the Carmack Amendment. Mem. in Support of Motion to Dismiss (paper 3) at 6. It contends that Ben & Jerry's state law contract and negligence claims are barred because the Carmack Amendment provides the exclusive remedy for an action for damages against a delivering carrier. *Id.* at 4. KLLM may ultimately prove that Ben & Jerry's claims are preempted under the Carmack Amendment, but this does not establish that it has "artfully pled" a federal case in terms of state law.

■ The artful pleading doctrine does allow removal where federal law completely preempts an asserted state-law claim. *Rivet*, 118 S.Ct. at 925. Under the "complete preemption doctrine," an "independent corollary" to the well-pleaded complaint rule, the Supreme Court has on rare occasions concluded that

> the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425 (internal citations and quotations omitted). *See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557, 560, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (claim under collective bargaining agreement deemed action brought under section 301 of Labor Management Relations Act); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (ERISA's jurisdictional language closely parallels section 301); *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666–70, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974) (tribal claim of right to possession based on federal law).

A panel of the Second Circuit Court of Appeals recently stressed the extremely narrow scope of the complete preemption doctrine in *Marcus v. AT&T Corp.*, 138 F.3d 46, 53–55 (2d Cir.1998). Expounding on *Metropolitan Life*, it stated "that the doctrine applies only in the very narrow range of cases where 'Congress has clearly manifested an intent' to make a specific action within a particular area removable." *Marcus*, 138 F.3d at 54 (quoting *Metropolitan Life*, 481 U.S. at 66, 107 S.Ct. 1542)). It quoted Justice Brennan's cautionary concurrence: "[i]n future cases involving other statutes, the prudent course for a federal court that does not find a *clear* congressional intent to create removal jurisdiction will be to remand the case to state court." *Marcus*, 138 F.3d at 54 (quoting *Metropolitan Life*, 481 U.S. at 68, 107 S.Ct. 1542) (Brennan J., concurring)) (emphasis in original).

■ In this case, Congress has not clearly manifested an intent to make any action involving carrier liability removable to federal court. The Carmack Amendment provides that a civil action may be brought in state court or federal district court. 49 U.S.C. § 14706(d). The Supreme Court in *Adams Express Co. v. Croninger*, 226 U.S. 491, 505, 33 S.Ct. 148, 57 L.Ed. 314 (1913), discussed the purpose of this legislation: "[t]he congressional action has made an end to this diversity [of legislative and judicial holdings], for the national law is paramount and supersedes all state laws as to the rights and liabilities and exemptions created by such transactions." The Court made clear that state regulations and laws were superseded by the Carmack Amendment, *id.* at 505–06, 33 S.Ct. 148, but nothing in *Adams Express* suggests that "the preemptive force" of the Carmack Amendment is "so powerful as to displace entirely any state cause of action." *Metropolitan Life*, 481 U.S. at 64, 107 S.Ct. 1542.

A panel of the Second Circuit Court of Appeals addressed the scope of the Carmack Amendment in *Cleveland v. Beltman North American Co.*, 30 F.3d 373, 379 (2d Cir.1994), where it held that plaintiffs could not seek federal common law remedies in addition to the remedies available under the Carmack Amendment. The court noted that it had previously stated generally that " 'Congress has created a broad, comprehensive scheme covering the interstate shipment of freight, aimed at preventing preferential treatment among shippers and establishing national equality of rates and services. This has occupied the field to the exclusion of state law.' " *Id.* at 378 (quoting *North American Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 233–34 (2d Cir.1978)). The complete preemption doctrine was not at issue in *Cleveland*, and that case does not suggest that Congress intended to make all claims involving carriers removable to federal court.

*North American Phillips*, however, did involve the propriety of removal from state court of a claim of carrier liability for loss of goods during interstate transportation. 579 F.2d at 234. In that case, a Second Circuit panel ruled that the complaint set forth a claim arising under federal law, creating original federal jurisdiction. *Id.*[1] The court did not discuss the complete preemption doctrine at any length, and had not at that time had the benefit of the United States Supreme Court's reasoning in *Metropolitan Life*. As the *Marcus* court stated, "[a]fter *Metropolitan Life*, there is no complete preemption without a clear statement to that effect from Congress." 138 F.3d at 55. Given its peripheral connection to the Carmack Amendment, its age and the intervening law, this Court believes that *North American Phillips* is

---

1. *North American Phillips* was an action against an air carrier, not a motor carrier. The court, however, interpreted the combined effects of provisions of the Federal Aviation Act of 1958, the Interstate Commerce Act, the Federal Communications Act and the Motor Carrier Act to conclude that Congress intended to occupy the field of interstate shipment of freight to the exclusion of state law. 579 F.2d at 232–34.

not persuasive authority that the Carmack Amendment is one of those extraordinary pieces of legislation that converts a state law claim into a federal claim.

This Court notes that in an earlier decision involving the application of the Carmack Amendment it opined in dictum that a complaint claiming loss or damage to shipped goods would have been properly removed under the complete preemption doctrine. *Counter v. United Van Lines, Inc.,* 935 F.Supp. 505, 508 (D.Vt.1996). In light of the Second Circuit's guidance in *Marcus* as to the extremely narrow range of the complete preemption doctrine, this Court now considers that statement to have been overbroad, if not outright error.

Accordingly, this Court holds that Ben & Jerry's suit does not "arise under" the Carmack·Amendment, although the provisions of the Carmack Amendment may ultimately preclude recovery. The operation of the Carmack Amendment does not convert state law claims into federal law claims, although it has preempted state law. *Adams Express,* 226 U.S. at 500, 33 S.Ct. 148; *Cleveland,* 30 F.3d at 378. Preemption may in this case constitute a defense to Ben & Jerry's state law claims, but that is an issue that must be left to the state court to determine on remand. *See Romney v. Lin,* 105 F.3d 806, 813 (2d Cir.) (there are cases in which a state law cause of action is preempted, but only a state court has jurisdiction to so rule), *cert. denied,* —— U.S. ——, 118 S.Ct. 263, 139 L.Ed.2d 189 (1997).

Removal was improper; Ben & Jerry's motion for remand (paper 10) is granted, and the matter is remanded to state court. KLLM's motion to dismiss (paper 2) is denied as moot.