**Stephen HOOVER and Diane Hoover, Plaintiffs,**

v.

**ALLIED VAN LINES, INC., Defendant.**

**Civil Action No. 02–2092–KHV.**

United States District Court,
D. Kansas.

May 31, 2002.

Edward R. Spalty, Karrie J. Clinkinbeard, Armstrong Teasdale LLP, Kansas City, MO, for Stephen Hoover, Diane Hoover.

Brenda L. Head, Davis, Unrein, Hummer, McCallister, Biggs & Head, L.L.P., Topeka, KS, for Allied Van Lines Inc.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Stephen and Diane Hoover filed suit in state court against Allied Van Lines, Inc. ("Allied") for damage to their personal belongings and household goods during a residential move from Des Moines, Iowa to Shawnee, Kansas. Allied removed the case to federal court. This matter is before the Court on *Plaintiffs' Motion To Remand* (Doc. # 7) filed April 1, 2002.

For reasons set forth below, plaintiffs' motion is sustained.

### Standards For Remand Motions Based On Untimeliness Of Removal Notice

 A notice of removal must be filed within 30 days after the receipt by defendant, through service or otherwise, of a copy of the state court petition setting forth the claim for relief upon which the action is based. *See* 28 U.S.C. § 1446(b). The 30 day time limit is mandatory and a failure to comply with the requirement is a defect in removal which justifies a remand of the case. *See Huffman v. Saul Holdings Ltd. P'ship,* 194 F.3d 1072, 1077 (10th Cir.1999); *see also Farm & City Ins. Co. v. Johnson,* 190 F.Supp.2d 1232, 1236 (D.Kan.2002) (30 day time limit is mandatory but it is not jurisdictional); *McCain v. Cahoj,* 794 F.Supp. 1061, 1062 (D.Kan. 1992) (30 day time limit is mandatory and strictly construed). If the initial petition in state court is not removable, a defendant may file a notice of removal within 30 days after receipt of a copy of the amended petition "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). "A defendant waiving removal on the initial petition does not regain the opportunity to remove the matter based on subsequent events." *McHugh v. Physicians Health Plan of Greater St. Louis, Inc.,* 953 F.Supp. 296, 299 (E.D.Mo.1997); *see O'Bryan v. Chandler,* 496 F.2d 403, 409 (10th Cir.1974) ("there must be both an amended pleading or paper *and a ground for asserting removability that exists for the first time* ") (emphasis added).

### Factual And Procedural Background

In July 1999, plaintiffs contracted with Allied to move their personal belongings and household goods (including a grand piano) from their residence in Des Moines,

Iowa to a new residence in Shawnee, Kansas.

On August 11, 1999, an Allied moving crew loaded plaintiffs' belongings. While en route to Shawnee, Kansas, the Allied moving truck was involved in an accident. It arrived at plaintiffs' new residence on August 13, 1999. While unloading the grand piano, Allied crew members dropped the piano off the top of the moving truck ramp. The crew damaged 21 other items and lost 12 boxes of items.

On November 15, 2000, plaintiffs filed suit against Allied in the District Court of Johnson County, Kansas. Plaintiffs asserted claims for negligence and breach of contract, seeking recovery for damage to the grand piano and other goods, and for the complete loss of 12 boxes of items.

On August 17, 2001, plaintiffs sought leave to file an amended petition which added claims for fraud, violations of the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50–623 *et seq.,* and damage claims for loss of use and loss of income. Defendant opposed plaintiffs' motion to amend, arguing that the original petition, as well as the proposed amended petition, were preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. The state court sustained plaintiffs' motion to amend.

On December 10, 2001, Allied filed a motion for summary judgment in state court, arguing that all claims were preempted by the Carmack Amendment. The state court ruled as follows:

> [M]y ruling is that the plaintiffs' claims based on negligence and breach of contract are preempted by the Carmack Amendment. My ruling is further that plaintiffs' claims for misrepresentation, fraud, and violations of the Kansas Consumer Protection Act are not precluded by the Carmack Amendment. And I realize you disagree with that amendment, Ms. Head, but that's how I come

down on it. My direction to you if you wish to pursue your claims for negligence and breach of contract is that you should amend your petition to properly plead a claim under the Carmack Amendment.

Transcript Of Summary Judgment Hearing Before the Honorable Janice Russell at 32, attached as exhibit 1 to *Defendant's Response In Opposition To Plaintiffs' Motion To Remand* (Doc. # 11) filed April 24, 2002 at 32. Plaintiffs immediately sought leave to amend their petition to specifically cite the Carmack Amendment under the negligence and breach of contract claims. Defendant did not object to the amendment. On January 30, 2002, plaintiffs filed their second amended petition, and on March 1, 2002, defendant filed a notice of removal.

## Analysis

Plaintiffs argue that the notice of removal is untimely because defendant did not file it within 30 days of plaintiffs' original petition in state court. Defendant argues that its notice of removal is timely, based on plaintiffs' second amended petition, because plaintiffs' original petition did not state a federal claim and therefore was not removable.

Federal district courts have original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see* 28 U.S.C. § 1441(b). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Plaintiff is the "master of the claim" and "may avoid federal jurisdiction by exclu-

sive reliance on state law." *Id.; see Garley v. Sandia Corp.,* 236 F.3d 1200, 1207 (10th Cir.2001). But even though state law creates plaintiff's causes of action, the case might still "arise under" the laws of the United States if a well-pleaded complaint establishes that plaintiff's "right to relief under state law requires resolution of a substantial question of federal law." *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 118 S.Ct. 523, 529, 139 L.Ed.2d 525 (1997) (quoting *Franchise Tax Bd. of State Of Cal. v. Constr. Laborers Vacation Trust For S. Cal.,* 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)) (case arises under federal law when federal law creates cause of action or plaintiff's right to relief necessarily depends on resolution of substantial question of federal law). In considering whether an action arises under federal law, a defense which implicates a federal question is not considered part of plaintiff's properly pleaded complaint. See *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Warner Bros. Records, Inc. v. R.A. Ridges Distrib. Co. Inc.,* 475 F.2d 262, 262 (10th Cir.1973). Accordingly, "a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."[1] *Franchise Tax Board,* 463 U.S. at 14, 103 S.Ct. 2841; see *Garley,* 236 F.3d at 1207.

■ The United States Supreme Court has acknowledged the "complete pre-emption doctrine" as an "independent corollary" to the well-pleaded complaint rule. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. 2425 (citations omitted). "[I]f a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd.,* 463 U.S. at 24, 103 S.Ct. 2841. The Supreme Court sets forth the doctrine as follows:

> On occasion, ... the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well pleaded complaint rule." *Metropolitan Life Insurance Co.,* [481 U.S.] at 65, 107 S.Ct. at 1547. Once an area of state law has been completely preempted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. See *Franchise Tax Board,* [ ] 463 U.S., at 24, 103 S.Ct., at 2854.

*Caterpillar,* 482 U.S. at 392, 107 S.Ct. 2425 (footnote omitted).

Plaintiffs maintain that the Carmack Amendment completely preempts their breach of contract and negligence claims asserted in their original petition, and that those claims therefore arise under federal law and trigger the 30 day deadline for defendant to file its notice of removal.

■ The Carmack Amendment was enacted in 1906 as an amendment to the Interstate Commerce Act of 1887. It codified a carrier's liability for goods lost or damaged in shipment. The Amendment states that a carrier is liable "for the actual loss or injury to the property" it transports. 49 U.S.C. § 14706(a)(1). In *Underwriters At Lloyds of London v. N. Am. Van Lines,* 890 F.2d 1112 (10th Cir.1989)

---

1. Defendant correctly notes that a federal preemption defense, by itself, does not transform state law claims into a cause of action under federal law. In this case, however, the Court does not rely on the assertion of an "ordinary preemption" defense in state court; it relies on the fact that the Carmack Amendment "completely preempts" the state law claims asserted in plaintiffs' original petition. *See infra* text at 1235–36.

(en banc), the Tenth Circuit held that "the Carmack Amendment preempts state common law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading." *Id.* at 1121. *In Lloyds of London,* however, the Tenth Circuit did not address the pertinent issue in this action, *i.e.* whether the preemptive force of the Carmack Amendment is so extraordinary that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well pleaded complaint rule." *Metro. Life Ins.,* 481 U.S. at 65, 107 S.Ct. 1542. In other words, "[r]emoval based on 'complete' preemption [ ] rests on a legal inquiry that is separate from an assessment of the merits of a defendant's 'ordinary' preemption defense." *Schmeling v. NORDAM,* 97 F.3d 1336, 1338 (10th Cir. 1996).

Numerous courts have addressed whether the Carmack Amendment "completely preempts" state laws in the area. The courts appear to be equally divided on the question. *Compare, e.g., Rosenthal v. United Van Lines, LLC,* 174 F.Supp.2d 1331, 1334–36 (N.D.Ga.2001) (complete preemption); *Bear MGC Cutlery Co., Inc. v. Estes Exp. Lines, Inc.,* 132 F.Supp.2d 937, 945–47 (N.D.Ala.2001) (same); *Hubbard v. All States Relocation Servs., Inc.,* 114 F.Supp.2d 1374, 1378–79 (S.D.Ga.2000) (same); *Reeves v. Mayflower Transit, Inc.,* 87 F.Supp.2d 1251, 1254 (M.D.Ala.1999) (same); *Duerrmeyer v. Alamo Moving & Storage One, Corp.,* 49 F.Supp.2d 934, 937 (W.D.Tex.1999) (same); *Ash v. Artpack Int'l, Inc.,* 1998 WL 132932, at *4–6 (S.D.N.Y. Mar.23, 1998) (same); *with, e.g. Beers v. N. Am. Van Lines, Inc.,* 836 F.2d 910 (5th Cir.1988) (not completely preempted); *Hunter v. United Van Lines,* 746 F.2d 635, 643–46 (9th Cir.1984) (same),

*cert. denied,* 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985); *Lamm v. Bekins Van Lines Co.,* 139 F.Supp.2d 1300, 1313–14 (M.D.Ala.2001) (same); *Circle Redmont, Inc. v. Mercer Transp. Co., Inc.,* 78 F.Supp.2d 1316, 1320 (M.D.Fla.1999) (same); *Ben & Jerry's Homemade, Inc. v. KLLM, Inc.,* 58 F.Supp.2d 315, 319 (D.Vt. 1999) (same).

■ To determine whether the Carmack Amendment completely preempts the breach of contract and negligence claims asserted in plaintiffs' original petition, the Court applies the two-part test set forth by the Tenth Circuit in *Schmeling,* supra. First, the Court examines whether the state law claims are displaced by federal law under an ordinary preemption analysis. *See Schmeling,* 97 F.3d at 1343. Second, the Court examines "whether Congress intended to allow removal in such cases, as manifested by the provision of a federal cause of action."[2] *Id.* If both questions are answered in the affirmative, plaintiffs' state law claims in their original petition are treated as ones arising under federal law for purposes of the well-pleaded complaint rule.

**A. Whether The Carmack Amendment Displaces Plaintiff's Breach Of Contract And Negligence Claims Under An Ordinary Preemption Analysis?**

■ Both parties agree that under an ordinary preemption analysis, plaintiffs' claims in their original petition are preempted. *See, e.g.,* Transcript Of Summary Judgment Hearing at 7 (counsel for Allied: "the case law is pretty universal and clear that all state law, common law claims, and statutory law claims are preempted by the Carmack Amendment for any direct or consequential damages

2. Both parties cite the Tenth Circuit's decision in *Schmeling* for various propositions, but neither party analyzes the instant action for complete preemption under the specific two-part test outlined in *Schmeling.*

claim arising out of the shipment of those goods."); *Plaintiffs' Reply Memorandum Of Law In Support Of Plaintiffs' Motion To Remand* (Doc. # 14) filed May 6, 2002 at 1 (all claims in plaintiffs' original petition are preempted). Based on the Tenth Circuit's decision in *Lloyds of London, supra,* the Court also finds that plaintiffs' negligence and breach of contract claims are preempted. *See id.* at 1121 ("the Carmack Amendment preempts state common law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading.").[3]

### B. Whether A Federal Cause Of Action Exists?

The Carmack Amendment provides plaintiffs a remedy for their cause of action based on breach of contract and negligence. *See* 49 U.S.C. § 14706 (civil action may be brought under this section in federal or state court); *Underwriters At Lloyd's, London v. N. Am. Van Lines,* 963 F.2d 383, 1992 WL 102609, at *2 (10th Cir.1992) ("The Carmack Amendment is a codification of the common law rule of liability for negligent damage to goods in interstate transport."); *see also Fuente Cigar Ltd. v. Roadway Exp., Inc.,* 961 F.2d 1558, 1560 (11th Cir.1992) (stating elements of Carmack Amendment claim). *Cf. Schmeling,* 97 F.3d at 1344 (because Congress did not expressly provide plaintiff with a federal cause of action to enforce FAA drug-testing laws, suit not subject to removal under complete preemption doctrine). Defendant essentially conceded this point at the state court hearing on its motion for summary judgment. *See* Transcript Of Summary Judgment Hearing at 24, 25, 33. The Carmack Amendment limits a shipper to the "actual loss or injury to

the property" transported, but such a limitation on damages does not alter the fact that the Carmack Amendment provides a federal cause of action. *See Schmeling,* 97 F.3d at 1343 ("Although a federal cause of action is a prerequisite to removal under the complete preemption doctrine, the federal cause of action need not provide the same remedy as the state cause of action.").

Although the inquiry under this factor appears to be complete because the Carmack Amendment provides a federal cause of action, the Court notes that other Circuits have employed a more detailed test to determine whether the preemptive reach of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well pleaded complaint rule." *Caterpillar,* 482 U.S. at 392, 107 S.Ct. 2425 (quoting *Metro. Life Ins.,* 481 U.S. at 65, 107 S.Ct. 1542). In addition to examining whether a federal cause of action exists, other Circuits examine (for example) "what kind of jurisdictional language exists in the federal statute, and what kind of language is present in the legislative history to evince Congress's intentions." *Anderson v. H & R Block, Inc.,* 287 F.3d 1038, 1043 (11th Cir. 2002). Despite different tests among the Circuits, "all focus on a similar goal: to determine whether Congress not only intended a given federal statute to provide a federal defense to a state cause of action that could be asserted either in a state or a federal court, but also intended to grant a defendant the ability to remove the adjudication of the cause of action to a federal court by transforming the state cause of action into a federal cause of action, there-

---

**3.** The Court notes that under an ordinary preemption analysis, the state court also held that plaintiffs' claims for breach of contract and negligence are preempted. Because the parties (and this Court) agree with the state

court's conclusion, this Court need not address the question whether it is bound by the state court's determination under the law of the case doctrine.

by creating federal question jurisdiction." Arthur R. Miller, *Artful Pleading: A Doctrine in Search Of Definition,* 76 Tex. L.Rev. 1781, 1797–98 (June 1998).

The jurisdictional language of the Carmack Amendment is essentially neutral on the question whether Congress intended to allow removal of state law claims for damage to goods transported by a carrier. The Carmack Amendment creates concurrent jurisdiction in federal and state courts. See 49 U.S.C. § 14706(d)(1) ("A civil action under this section may be brought against a delivering carrier in a district court of the United States or in a state court."); 49 U.S.C. § 14706(d)(3) ("A civil action under this section may be brought in a United States district court or in a State court."). The fact that Congress established concurrent jurisdiction for Carmack Amendment claims, however, does not preclude removal of such claims under the complete preemption doctrine. *See Bear MGC Cutlery,* 132 F.Supp.2d at 943, 947.

The Court cannot ascertain the intent of Congress from the legislative history of the Carmack Amendment because it is essentially non-existent. *See Rini v. United Van Lines, Inc.,* 104 F.3d 502, 504 (1st Cir.1997) (Carmack Amendment passed "without discussion or debate"), *cert. denied,* 522 U.S. 809, 118 S.Ct. 51, 139 L.Ed.2d 16 (1997). Nevertheless, the Supreme Court has noted that the intent of Congress can be inferred from the Carmack Amendment's extremely broad reach:

> "The congressional action has made an end to this diversity [of liability of carriers as to goods delivered from one state to another], for the national law is paramount and supersedes all state laws as to the rights and liabilities and exemptions created by such transactions. This was doubtless the purpose of the law; and this purpose will be effectuated, and

not impaired or destroyed, by the state courts' obeying and enforcing the provisions of the Federal statute where applicable to the fact in such cases as shall come before them." [*Southern Pac. Co. v. Crenshaw Bros.,* 5 Ga.App. 675, 63 S.E. 865 (1909) ]

> That the legislation supersedes all the regulations and policies of a particular state upon the same subject results from its general character. It embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract. *Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it.*

> \* \* \*

> To hold that the liability therein declared may be increased or diminished by local regulation or local views of public policy will either make the provision less than supreme, or indicate that Congress has not shown a purpose to take possession of the subject. The first would be unthinkable, and the latter would be to revert to the uncertainties and diversities of rulings which led to the amendment. *The duty to issue a bill of lading, and the liability thereby assumed, are covered in full; and though there is no reference to the effect upon state regulation, it is evident that Congress intended to adopt a uniform rule and relieve such contracts from the diverse regulation to which they had been theretofore subject.*

> What is the liability imposed upon the carrier? It is a liability to any holder of the bill of lading which the primary carrier is required to issue 'for any loss, damage, or injury to such property

caused by it,' or by any connecting carrier to whom the goods are delivered. The suggestion that an absolute liability exists for every loss, damage, or injury, from any and .every cause, would be to make such a carrier an absolute insurer, and liable for unavoidable loss or damage, though due to uncontrollable forces. That this was the intent of Congress is not conceivable. To give such emphasis to the words, 'any loss or damage,' would be to ignore the qualifying words, 'caused by it.' The liability thus imposed is limited to 'any loss, injury, or damage caused by it or a succeeding carrier to whom the property may be delivered;' and plainly implies a liability for some default in its common-law duty as a common carrier.

*Adams Exp. Co. v. Croninger,* 226 U.S. 491, 505–07, 33 S.Ct. 148, 57 L.Ed. 314 (1913) (emphasis added).

In at least two other opinions, the Supreme Court emphasized the expansive reach of the Carmack Amendment. In *Charleston & W. Carolina Ry. Co. v. Varnville Furniture Co.,* 237 U.S. 597, 35 S.Ct. 715, 59 L.Ed. 1137 (1915), the Court held that "state statutes are preempted by the Carmack Amendment if they in any way enlarge the responsibility of the carrier for loss or at all affect the ground of recovery, or the measure of recovery." *Id.* at 603, 35 S.Ct. 715. Later in *Mo. Pac. R.R. Co. v. Porter,* 273 U.S. 341, 47 S.Ct. 383, 71 L.Ed. 672 (1927), the Supreme Court stated:

> Congress must be deemed to have determined that the rule laid down and the means provided to enforce it are sufficient and that no other regulation is necessary. Its power to regulate such commerce and all its instrumentalities is supreme; and, as that power has been exerted, state laws have no application. They cannot be applied in coincidence with, as complementary to or as in opposition to, federal enactments which disclose the intention of Congress to enter a field of regulation that is within its jurisdiction.

*Id.* at 345–46, 47 S.Ct. 383.

The Carmack Amendment does provide that "[e]xcept as otherwise provided in this part, the remedies provided under this part are in addition to remedies existing under another law or common law." 49 U.S.C. § 13103. Despite the explicit provision for preservation of other remedies, however, the Supreme Court has consistently limited shippers to the "bargained-for limitation of a carrier's liability for negligent damage to the shipper's goods." *Lloyds of London,* 890 F.2d at 1118. In *Adams, supra,* the Supreme Court explained:

> But it has been argued that the non-exclusive character of this regulation is manifested by the proviso of the section, and that state legislation upon the same subject is not superseded, and that the holder of any such bill of lading may resort to any right of action against such a carrier, conferred by existing state law. This view is untenable. It would result in the nullification of the regulation of a national subject, and operate to maintain the confusion of the diverse regulation which it was the purpose of Congress to put an end to.

226 U.S. at 507, 33 S.Ct. 148.

The Carmack Amendment was designed to create uniformity out of disparity. Nothing in the Amendment suggests that Congress contemplated the application of state law to any claim for goods damaged during transport by a carrier. *See Bear MGC Cutlery,* 132 F.Supp.2d at 944–45. Based on this fact, and the Court's findings that the negligence and breach of contract claims in plaintiffs' original petition are preempted under an ordinary preemption analysis and that the Carmack Amendment provides plaintiffs a federal

cause of action, the Court finds that the negligence and breach of contract claims in plaintiffs' original petition are completely preempted under the Carmack Amendment. Plaintiffs' claims therefore arise under federal law.[4]

 Defendant argues that its notice of removal based on plaintiffs' second amended petition was timely because plaintiffs voluntarily added a federal claim under the Carmack Amendment after the state court dismissed their breach of contract and negligence claims. Although the state court required plaintiffs to amend their petition to specifically cite the Carmack Amendment, that ruling does not address whether for removal purposes, the Court should treat plaintiffs' original petition as one arising under federal law. See *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425. Based on the test outlined in *Schmeling* and the Congressional intent as outlined by the Supreme Court, the Carmack Amendment completely preempts the claims in plaintiffs' original petition and those claims should be treated as ones arising under federal law for purposes of the well-pleaded complaint rule. Accordingly, defendant's notice of removal, which was filed more than one year after it re-

ceived plaintiffs' original petition, is untimely.[5] See 28 U.S.C. § 1446(b).

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion To Remand* (Doc. # 7) filed April 1, 2002 be and hereby is **SUSTAINED**. This matter is hereby **REMANDED** to the District Court of Johnson County, Kansas.

---

4. Defendant argues that plaintiffs' complete preemption argument is inconsistent with the viability of their remaining state common law and statutory claims and the arguments which plaintiffs made in state court. The Court disagrees. In both state and federal court, plaintiffs have maintained that although their negligence and contract claims are completely preempted by the Carmack Amendment, their state law claims for misrepresentation, fraud, and violations of the KCPA are not. *See* Transcript Of Summary Judgment Hearing at 7–8 (state court noted that plaintiffs cited a number of cases which state that claims for negligence, bailment and breach of contract may be precluded by the Carmack Amendment, but claims for misrepresentation, fraud, and deceptive acts and practices are not precluded); *id.* at 12–13,

16–19, 28 (plaintiffs' counsel: negligence and breach of contract claims for actual damages are preempted, but other state law claims are not).

5. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Plaintiffs have not sought attorney fees or expenses incurred as a result of the removal of this case. Moreover, because defendant raised an arguable question regarding the timeliness of its notice of removal, the Court declines to award costs and attorney's fees. *See Amundson & Assocs. Art Studio, Ltd. v. Nat'l Council on Compensation Ins., Inc.*, 977 F.Supp. 1116, 1127 (D.Kan.1997).