Ross **STEPHENSON** and **Barbara Stephenson, Plaintiffs,**

v.

**WHEATON VAN LINES, INC., et al. Defendants.**

**Civil Action No. 02–2407–KHV.**

United States District Court,
D. Kansas.

Nov. 15, 2002.

J.D. Lysaught, J. Donald Lysaught, Jr., Mustain, Higgins, Kolich, Lysaught & Tomasic, Chtd., Kansas City, KS, for Plaintiffs.

Rex A. Sharp, Charles T. Schimmel, Gunderson, Sharp & Rhein, PC, Prairie Village, KS, James T. Graves, Scopelitis, Garvin, Light & Hanson, St. Joseph, MO, for Defendants.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Ross and Barbara Stephenson filed suit in state court against Wheaton Van Lines, Inc., Able Professional Movers, Inc. and Superior Moving Service, Inc., for damage to personal belongings and household goods during a residential move from Lincoln, Nebraska to Johnson County, Kansas. Defendants removed the case to federal court, citing the Carmack Amendment, 49 U.SC. § 14706, as the basis for federal jurisdiction. This matter is before the Court on Plaintiffs' Motion To Remand (Doc. # 3) filed September 19, 2002. For reasons set forth below, plaintiffs' motion is overruled.

### Standard For Removal

A civil action is removable only if plaintiffs could have originally brought the action in federal court. See 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. See *Frederick & Warinner v. Lundgren*, 962 F.Supp. 1580, 1582 (D.Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974)). The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. See *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Accordingly, the Court must strictly construe the federal removal statute. See *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982). The burden is on the party requesting removal to demonstrate that the Court has jurisdiction. See *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995). The Court must resolve any doubts concerning removability in favor of remand. See *J.W. Petroleum, Inc. v. R.W. Lange*, 787 F.Supp. 975, 977 (D.Kan.1992).

### Factual And Procedural Background

In April, 2001, plaintiffs contracted with Wheaton, through its agent Able, to pack and move personal belongings and household goods (including antique pieces and a piano) from their residence in Lincoln, Nebraska to storage in Kansas City and ultimately a new residence in Overland Park, Kansas. When defendants delivered the property to plaintiffs' new residence, some of it was damaged, broken, or lost.

On July 30, 2002, plaintiffs filed suit against defendants in the District Court of Johnson County, Kansas, asserting claims for breach of contract, negligence, fraud and violations of the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50–623 et seq. Plaintiffs seek damages in excess of $50,000 for damage to personal property, personal injury, emotional distress, lost wages, attorneys' fees and costs.

On August 30, 2002, defendants filed a notice of removal asserting federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. Defendants contend that the Carmack Amendment, 49 U.S.C. § 14706, completely preempts plaintiffs' state law claims. On September 19, 2002, plaintiffs filed their Motion To Remand (Doc. # 3). Plaintiffs argue that removal is improper because their petition does not allege a federal question.

### Analysis

Federal district courts have original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see 28 U.S.C. § 1441(b). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Plaintiffs are the "master of the[ir] claim" and "may avoid federal jurisdiction by exclusive reliance on state law." *Id.*; see *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir.2001). But even though state law creates plaintiffs' causes of action, the case may still "arise under" the laws of the United States if a well-pleaded complaint establishes that plaintiffs' "right to relief under state law requires resolution of a substantial question of federal law." *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 164, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (quoting *Franchise Tax Bd. of State Of Cal. v. Constr. Laborers Vacation Trust For S. Cal.,* 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)) (case arises under federal law when federal law creates cause of action or plaintiff's right to relief necessarily depends on resolution of substantial question of federal law). In considering whether an action arises under federal law, a defense which implicates a federal question is not considered part of plaintiff's properly pleaded complaint. See *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Warner Bros. Records, Inc. v. R.A. Ridges Distrib. Co. Inc.,* 475 F.2d 262, 262 (10th Cir.1973). Accordingly, "a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Board,* 463 U.S. at 14, 103 S.Ct. 2841; see *Garley,* 236 F.3d at 1207.

The United States Supreme Court has acknowledged the "complete pre-emption doctrine" as an "independent corollary" to the well-pleaded complaint rule. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. 2425 (citations omitted). "[I]f a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd.,* 463 U.S. at 24, 103 S.Ct. 2841. The Supreme Court sets forth the doctrine as follows:

> On occasion, ... the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well pleaded complaint rule." *Metropolitan Life Insurance Co.,* [481 U.S.] at 65, 107 S.Ct. at 1547. Once an area of state law has

been completely preempted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. See *Franchise Tax Board,* [ ] 463 U.S., at 24, 103 S.Ct., at 2854.

*Caterpillar,* 482 U.S. at 392, 107 S.Ct. 2425 (footnote omitted).

Defendants maintain that the Carmack Amendment completely preempts plaintiffs' state law claims, so as to convert plaintiffs' state law petition to one stating a federal claim for purposes of removal. The Carmack Amendment, which was enacted in 1906 as an amendment to the Interstate Commerce Act of 1887, codified a carrier's liability for goods lost or damaged in shipment. It states that a carrier is liable "for the actual loss or injury to the property" it transports. 49 U.S.C. § 14706(a)(1). In Underwriters At *Underwriters at Lloyds of London v. N. Am. Van Lines,* 890 F.2d 1112 (10th Cir.1989) (en banc), the Tenth Circuit held that "the Carmack Amendment preempts state common law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading." Id. at 1121. In Lloyds of London, however, the Tenth Circuit did not address the pertinent issue in this action, i.e. whether the preemptive force of the Carmack Amendment is so extraordinary that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well pleaded complaint rule." *Metro. Life Ins.,* 481 U.S. at 65, 107 S.Ct. 1542. In other words, "[r]emoval based on 'complete' preemption [ ] rests on a legal inquiry that is separate from an assessment of the merits of a defendant's 'ordinary' preemption defense." *Schmeling v. NORDAM,* 97 F.3d 1336, 1338 (10th Cir. 1996).

This Court recently addressed whether the Carmack Amendment preempts state law claims of negligence and breach of contract so as to convert the plaintiffs' claims to a federal claim for purposes of removal, see *Hoover v. Allied Van Lines,* 205 F.Supp.2d 1232 (D.Kan.2002):

Numerous courts have addressed whether the Carmack Amendment "completely preempts" state laws in the area. The courts appear to be equally divided on the question. Compare, e.g., *Rosenthal v. United Van Lines, LLC,* 174 F.Supp.2d 1331, 1334–36 (N.D.Ga.2001) (complete preemption); *Bear MGC Cutlery Co., Inc. v. Estes Exp. Lines, Inc.,* 132 F.Supp.2d 937, 945–47 (N.D.Ala. 2001) (same); *Hubbard v. All States Relocation Servs., Inc.,* 114 F.Supp.2d 1374, 1378–79 (S.D.Ga.2000) (same); *Reeves v. Mayflower Transit, Inc.,* 87 F.Supp.2d 1251, 1254 (M.D.Fla.1999) (same); *Duerrmeyer v. Alamo Moving & Storage One, Corp.,* 49 F.Supp.2d 934, 937 (W.D.Tex.1999) (same); *Ash v. Artpack Int'l, Inc.,* 1998 WL 132932, at *4–6 (S.D.N.Y. Mar.23, 1998) (same); with, e.g., *Beers v. N. Am. Van Lines, Inc.,* 836 F.2d 910 (5th Cir.1988) (not completely preempted); *Hunter v. United Van Lines,* 746 F.2d 635, 643–46 (9th Cir.1984) (same), cert. denied, 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985); *Lamm v. Bekins Van Lines Co.,* 139 F.Supp.2d 1300, 1313–14 (M.D.Ala. 2001) (same); *Circle Redmont, Inc. v. Mercer Transp. Co., Inc.,* 78 F.Supp.2d 1316, 1320 (M.D.Fla.1999) (same); *Ben & Jerry's Homemade, Inc. v. KLLM, Inc.,* 58 F.Supp.2d 315, 319 (D.Vt.1999) (same).

To determine whether the Carmack Amendment completely preempts the breach of contract and negligence claims asserted in plaintiffs' original petition, the Court applies the two-part test set forth by the Tenth Circuit in Schmeling, supra. First, the Court examines whether the state law claims are dis-

placed by federal law under an ordinary preemption analysis. See *Schmeling,* 97 F.3d at 1343. Second, the Court examines "whether Congress intended to allow removal in such cases, as manifested by the provision of a federal cause of action." *Id.* If both questions are answered in the affirmative, plaintiffs' state law claims in their original petition are treated as ones arising under federal law for purposes of the well-pleaded complaint rule.

*Hoover,* 205 F.Supp.2d at 1237.

Applying the two-part analysis, this Court in Hoover first found that under an ordinary preemption analysis, plaintiffs' claims for negligence and breach of contract were preempted by the Carmack Amendment. It then found that "[t]he Carmack Amendment provides plaintiffs a remedy for their cause of action based on breach of contract and negligence." *Id.* at 1238 (citing 49 U.S.C. § 14706) (civil action may be brought under this section in federal or state court); *Underwriters At Lloyd's, London v. N. Am. Van Lines,* 963 F.2d 383, 1992 WL 102609, at *2 (10th Cir.1992) (Carmack Amendment is codification of the common law rule of liability for negligent damage to goods in interstate transport); see also *Fuente Cigar Ltd. v. Roadway Exp., Inc.,* 961 F.2d 1558, 1560 (11th Cir.1992) (stating elements of Carmack Amendment claim)). Cf. *Schmeling,* 97 F.3d at 1344 (because Congress did not expressly provide federal cause of action to enforce FAA drug-testing laws, plaintiffs' suit not subject to removal under complete preemption doctrine). The Carmack Amendment limits a shipper to the "actual loss or injury to the property" transported, but such a limitation on damages does not alter the fact that the Carmack Amendment provides a federal cause of action. See *Schmeling,* 97 F.3d at 1343 (although federal cause of action is prerequisite to removal under complete preemption doc-

trine, federal cause of action need not provide same remedy as state cause of action).

In *Hoover,* this Court then noted that "other Circuits have employed a more detailed test to determine whether the preemptive reach of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well pleaded complaint rule.'" 205 F.Supp.2d at 1238 (quoting *Caterpillar,* 482 U.S. at 392, 107 S.Ct. 2425 (quoting *Metro. Life Ins.,* 481 U.S. at 65, 107 S.Ct. 1542)):

In addition to examining whether a federal cause of action exists, other Circuits examine (for example) "what kind of jurisdictional language exists in the federal statute, and what kind of language is present in the legislative history to evince Congress's intentions." *Anderson v. H & R Block, Inc.,* 287 F.3d 1038, 1043 (11th Cir. 2002). Despite different tests among the Circuits, "all focus on a similar goal: to determine whether Congress not only intended a given federal statute to provide a federal defense to a state cause of action that could be asserted either in a state or a federal court, but also intended to grant a defendant the ability to remove the adjudication of the cause of action to a federal court by transforming the state cause of action into a federal cause of action, thereby creating federal question jurisdiction." Arthur R. Miller, Artful Pleading: A Doctrine in Search Of Definition, 76 Tex. L.Rev. 1781, 1797–98 (June 1998).

■ The jurisdictional language of the Carmack Amendment is essentially neutral on the question whether Congress intended to allow removal of state law claims for damage to goods transported by a carrier. The Carmack Amendment creates concurrent jurisdiction in federal and state courts. See 49 U.S.C. § 14706(d)(1) ("A civil action under this section may be brought against a delivering carrier in a

district court of the United States or in a state court."); 49 U.S.C. § 14706(d)(3) ("A civil action under this section may be brought in a United States district court or in a State court."). The fact that Congress established concurrent jurisdiction for Carmack Amendment claims, however, does not preclude removal of such claims under the complete preemption doctrine. See *Bear MGC Cutlery*, 132 F.Supp.2d at 943, 947.

The Court cannot ascertain the intent of Congress from the legislative history of the Carmack Amendment because it is essentially non-existent. See *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 504 (1st Cir.1997) (Carmack Amendment passed "without discussion or debate"), cert. denied, 522 U.S. 809, 118 S.Ct. 51, 139 L.Ed.2d 16 (1997). Nevertheless, the Supreme Court has noted that the intent of Congress can be inferred from the Carmack Amendment's extremely broad reach.

205 F.Supp.2d at 1238–39 (citing *Adams Exp. Co. v. Croninger*, 226 U.S. 491, 505–07, 33 S.Ct. 148, 57 L.Ed. 314 (1913)) (emphasis added) (noting opinions in which United States Supreme Court emphasized expansive reach of Carmack Amendment); see, e.g., *Charleston & W. Carolina Ry. Co. v. Varnville Furniture Co.*, 237 U.S. 597, 603, 35 S.Ct. 715, 59 L.Ed. 1137 (1915) (state statutes preempted by Carmack Amendment if they enlarge responsibility of carrier for loss or affect ground or measure of recovery).

The Carmack Amendment does provide that "[e]xcept as otherwise provided in this part, the remedies provided under this part are in addition to remedies existing under another law or common law." 49 U.S.C. § 13103. The Supreme Court, however, has consistently limited shippers to the "bargained-for limitation of a carrier's liability for negligent damage to the shipper's goods." *Lloyds of London*, 890 F.2d at 1118. "The Carmack Amendment was designed to create uniformity out of disparity. Nothing in the Amendment suggests that Congress contemplated the application of state law to any claim for goods damaged during transport by a carrier." *Hoover*, 205 F.Supp.2d 1232 at 1240 (citing *Bear MGC Cutlery*, 132 F.Supp.2d at 944–45).

Based on the analysis in Hoover, the Court finds that plaintiffs' breach of contract and negligence claims are preempted by the Carmack Amendment under an ordinary preemption analysis. Further, the Court finds the preemptive force of the Carmack Amendment is so extraordinary that it converts plaintiff's state law claims of breach of contract and negligence into claims arising under federal law. Defendants therefore properly removed this case to federal court.[1] **IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Remand (Doc. # 3) filed September 19, 2002 be and hereby is **OVERRULED**.

---

1. Because the Court finds that plaintiffs' state law breach of contract and negligence claims arise under federal law for purposes of the well-pleaded complaint rule, it need not address at this point whether plaintiffs' claims of fraud and violations of the KCPA, K.S.A. § 50–623 et seq. are preempted by the Carmack Amendment or whether they arise under federal law.